FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 11, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH BETH L.,[1]<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[2]<br>　　　　　Defendant. | No. 4:21-cv-05038-RHW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**ECF Nos. 17, 25, 30** |

　　　Before the Court is the Report and Recommendation issued by Magistrate Judge Alexander C. Ekstrom, ECF No. 30, recommending Plaintiff's Motion for Summary Judgment, ECF No. 17, be denied and Defendant's Motion for Summary

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley, Commissioner of Social Security, is substituted as the named Defendant.

ORDER - 1

Judgment, ECF No. 25, be granted.  Plaintiff filed objections to the Report and Recommendation and Defendant responded.  ECF Nos. 31, 32. The Court has considered Plaintiff's objections and after reviewing the Report and Recommendation, finds the Magistrate Judge's findings are correct.  Therefore, the Court adopts the Report and Recommendation in its entirety, albeit with the following explanation.

*1.  Law of the Case*

The Report and Recommendation properly concludes that the law of the case doctrine bars precludes Plaintiff's challenges to the ALJ's assessment of the medical opinions of James Vaughn, M.D., N.K. Marks, Ph.D., and Plaintiff's subjective symptom complaints. ECF No. 30. The Ninth Circuit has held that the law of the case doctrine is primarily concerned with efficiency, and "should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *See Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). On remand Plaintiff submitted two new medical exhibits (treatment records from less than ten visits between 2017 and 2019) which did not render the evidence on remand "substantially different," nor suggest that applying the law of the case doctrine would be unjust. The ALJ reasonably concluded that the newly submitted medical evidence was not highly probative, but rather showed a lack of treatment, the failure to resume mental

ORDER - 2

health treatment, and the ability to engage in some work. *See* Tr. 703. Accordingly, the Court overrules Plaintiff's objections to the evaluations of Dr. Vaughn, Dr. Marks, and Plaintiff's subjective complaints.

    2.  *Phyllis Sanchez, Ph.D*

As to the opinion of Dr. Sanchez, Plaintiff contends the ALJ committed legal error by failing to make "independent findings" specific to Dr. Sanchez. ECF No. 31 at 8. However, the ALJ assigned the opinion little weight because it was set forth in a checkbox form with almost no explanation and was based, not on examination, but the properly discounted opinion of Dr. Marks and limited other evidence. Tr. 703. The ALJ also found the opinion unpersuasive for the same reasons as he found Dr. Marks' opinion. The record belies Plaintiff's contention that the ALJ failed to make an independent assessment of Dr. Sanchez's opinion. The ALJ did not error in this assessment where the opinion lacked support because it relied substantially upon the opinion of Dr. Marks formed during an examination where Plaintiff's lack of full effort was a concern. *See* 20 C.F.R. § 404.1527(c)(3); Tr. 760.

    3.  *CeCilia Cooper, PhD.*

Plaintiff contends the Report and Recommendation "failed to account for Plaintiff's arguments" as to the opinion of Dr. Cooper. The Report and Recommendation's failure to discuss every argument made by Plaintiff does not

ORDER - 3

amount to error that suggests this Court should not accept the recommendation. The Court need not address every argument; it needs only determine whether there was sufficient factual basis to support one reason for discrediting the opinion.

Here, the ALJ found the Dr. Cooper's opinion partially consistent with the RFC which included limitations on interpersonal contact, supervision, and complexity of tasks. *See* Tr. 726. The ALJ concluded that Dr. Cooper's opinion, including that Plaintiff would require excessive reminders, did not warrant change to the RFC for a number of reasons. First, despite Plaintiff's disclosure of active marijuana use three to four times daily, Dr. Cooper made no diagnosis or conclusions about this reported usage or its effect on the assessment of mental health limitations. As substance addiction disorder is clearly one of Plaintiff's severe impairments, the ALJ reasonably concluded that this reflected poorly on the thoroughness of Dr. Cooper's assessment. *See Hardwick v. Astrue*, 782 F. Supp. 2d 1170, 1179-80 (E.D. Wash. 2011) (holding that a doctor's failure to diagnose or factor in evidence of the claimant's substance abuse constituted a specific and legitimate reason for disregarding the opinion); *Roy v. Colvin*, No. 14-35162, 656 F. App'x 816, 818 (9th Cir. 2016) (holding that the ALJ properly rejected the opinions of the claimant's therapists because they did not sufficiently account for his drug abuse). The ALJ therefore provided the explanation the Court's remand Order directed. Further undermining Dr. Cooper's evaluation was the use of vague

ORDER - 4

terminology and the lack of validity or effort testing even though Dr. Cooper had reviewed Dr. Marks' evaluation which raised caution about Plaintiff's effort. The ALJ committed no legal error in discounting Dr. Cooper's opinion and the Court overrules Plaintiff's objection as it relates to the weight given to Dr. Cooper's opinion.

      3. *Chavez presumption*

Plaintiff contends the ALJ erred in failing to make new findings as to the application of *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). ECF No. 31 at 2. However, the ALJ did reconsider application of *Chavez* and concluded that the record on remand "show[ed] nothing materially different from the evidence previously presented." Tr. 702. Given Plaintiff's failure to demonstrate changed circumstances on remand, the ALJ again concluded the *Chavez* presumption of continuing non-disability applied. Tr. 702 (incorporating Tr. 721 by reference). As the ALJ did not erroneously weigh the medical evidence, the Report and Recommendation properly concludes the ALJ did not err by applying the *Chavez* presumption.

      4. *Step three*

Plaintiff reasserts the claim that the ALJ made "no step three findings whatsoever," yet this ignores the ALJ's incorporation of step three findings by reference. *See* Tr. 702 (incorporating Tr. 20). The ALJ concluded that there is no

ORDER - 5

evidence that Plaintiff's fibromyalgia meets or medically equals Listing 14.09D. *Id*. Plaintiff's claim that the ALJ failed to specifically consider Listing 14.09D is unsupported.

     *5. Steps four and five*

     Plaintiff also claims that the ALJ "made no step four/five findings," which ignores the ALJ's incorporation of findings by reference. The ALJ did not fail to follow the remand order by failing to call a vocational expert as the Court did not order vocational expert testimony. The need for additional vocational testimony or different findings at steps four and five hinged upon the ALJ's assessment of the evidence on remand, which did not involve error, nor require additional testimony. Plaintiff also claims she was denied due process, yet she failed to attend her hearing on remand and therefore waived her right to testify. Tr. 702.

     Accordingly, **IT IS HEREBY ORDERED**:

     1.    Plaintiff's objections, **ECF No. 31**, to the Report and Recommendation are **OVERRULED**.

     2.    The Report and Recommendation, **ECF No. 30**, is **ADOPTED** in its entirety.

     3.    Plaintiff's Motion For Summary Judgment, **ECF No. 17**, is **DENIED**.

     4.    Defendant's Motion, **ECF No. 25**, is **GRANTED**.

     5.    The District Court Executive shall update the docket sheet to reflect

the substitution of Martin O'Malley as Defendant.

The District Court Executive is directed to enter this Order, **ENTER JUDGMENT** in favor of Defendant, forward copies to counsel and Magistrate Judge Ekstrom, and **CLOSE THE FILE**.

DATED April 11, 2024.

<u>s/Robert H. Whaley</u>
ROBERT H. WHALEY
Senior United States District Judge

ORDER - 7